IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK L. HOWER and<br>MISTY HOWER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. 6:13-CV-03182-SRB |
| EXCEL INDUSTRIES, INC., et al., | )<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Sanctions Against Defendants Excel Industries, Inc. and Hustler Turf Equipment (Doc. #330). For the reasons discussed below, Plaintiffs' motion is DENIED.

**I.  Background**

On May 3, 2013, Plaintiffs Frederick Hower and Misty Hower brought this action against Defendants Excel Industries, Inc. ("Excel") and Hustler Turf Equipment ("Hustler") for injuries Plaintiffs sustained as a result of a gasoline fuel-fed lawnmower fire. The parties have conducted discovery and depositions, including the deposition of Defendants' corporate representative, Royce Steinert.

On July 30, 2015, Plaintiffs filed their Motion for Sanctions against Defendants Excel and Hustler for allegations of perjury under oath, material misrepresentations to the Court and counsel, and an alleged violation of the Federal Rules of Civil Procedure in withholding responsive and relevant documents. Consequently, Plaintiffs seek an order striking Defendants' pleadings and an entry of judgment in favor of Plaintiffs. On September 2, 2015, the Court heard oral arguments regarding Plaintiffs' request for sanctions.

## II. Discussion

Plaintiffs assert sanctions are necessary and Defendants' pleadings must be stricken because: (A) Defendants' designated corporate representative committed perjury; and (B) Defendants made fraudulent misrepresentations to the Court regarding the existence of additional documents and withheld documents critical to the issues in this litigation.

### A. Perjury

Plaintiffs assert Defendants' corporate representative, Royce Steinert, admitted to having personal knowledge of the circumstances surrounding the development and purpose of the heat shield, which "[Mr. Steinert] and only [Steinert] calls a manifold cover." (Doc. #330, p. 13). Plaintiffs claim that "every witness and document in the case completely contradicts [Steinert's] testimony." Id. Plaintiffs argue during the second deposition conducted on July 1, 2015, "Mr. Steinert doubled down on the story that he concocted in April." Id. at p. 15. Plaintiffs claim Mr. Steinert presented the same story as provided in the first deposition and again referred to a "manifold cover" rather than a "heat shield," despite "a multitude of testimony and documentary evidence contradicting his testimony." Id. Defendants state "[t]he mere fact that a witness's statement 'may have been contradicted by another witness' or that a witness's 'statements are not entirely consistent' are not sufficient to show perjury." (Doc. #339, p. 9) (quoting United States v. Nelson, 970 F.2d 439, 443 (8th Cir. 1992)).

"A witness testifying under oath or affirmation violates [the federal perjury statute] if []he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Plaintiffs' Baycol Steering Comm. v. Bayer Corp., 419 F.3d 794, 804 (8th Cir. 2005) (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)); see also 18 U.S.C. § 1621(1). "[P]erjury must be proven

definitively before a Court can exercise its inherent authority to levy sanctions that preclude the jury from reaching its own conclusion as to the testimony." Cenveo Corp. v. S. Graphic Sys., Inc., No. CIV. 08-5521 JRT/AJB, 2010 WL 3893680, at *6 (D. Minn. June 18, 2010).

The evidence presented to the Court fails to demonstrate that Mr. Steinert committed perjury during the deposition. The parties have provided deposition transcripts depicting the alleged false testimony. After a review of Mr. Steinert's statements in their entirety, the Court finds they do not constitute perjury. Even though Mr. Steinert's testimony is contradicted by testimony provided by other deponents, this does not definitively prove that Mr. Steinert has willfully provided false testimony sufficient to constitute perjury. No evidence has been presented in the record or during oral arguments demonstrating Mr. Steinert's statements are sufficient to constitute perjury.

Without evidence to definitively establish Mr. Steinert committed perjury, the Court may not impose the penalties sought by Plaintiffs. The Court finds that sanctions are unwarranted.

### B.  Material Misrepresentations and Withholding of Documents

Plaintiffs request the Court enter sanctions against Defendants Excel and Hustler for alleged material misrepresentations made to the Court and withholding of documents. Plaintiffs assert Defendants "represented to the Court that they did not have any additional responsive documents" to provide in discovery during the March 27, 2014, hearing before Judge Beth Phillips. Plaintiffs allege the documents provided by Defendants on April 10, 2014, April 21, 2015, and May 1, 2015, were withheld in an attempt to actively obstruct legitimate discovery. Plaintiffs argue Defendants have engaged in conduct designed to hide relevant material from Plaintiffs and misdirect pretrial discovery. Plaintiffs believe that the Court should exercise its inherent powers to impose sanctions on Defendants.

Defendants assert that "within two business days of discovering the documents, opposing counsel was notified of their existence and within five business days Defendants' document production was supplemented pursuant to Fed. R. Civ. P. 26(e)(1)(A)." (Doc. #339, p. 2). Defendants claim they "voluntarily offered to reproduce their 30(b)(6) witnesses for deposition to address any issues presented by these documents." Id.

The Court may impose sanctions for discovery violations pursuant to its inherent authority or under Federal Rule of Civil Procedure 37(b)(2)(A). "A court's inherent power includes the discretionary ability to fashion an appropriate sanction for conduct which abuses the judicial process." Sherman v. Rinchem Co., Inc., 687 F.3d 996, 1006 (8th Cir. 2012). "Because of the potency of inherent powers, '[a] court must exercise its inherent powers with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction.'" Bayer Corp., 419 F.3d at 802 (citing Harlan v. Lewis, 982 F.2d 1255, 1262 (8th Cir.1993)); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). There is a "relatively unstructured analysis associated with inherent authority." Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co., 559 F.3d 888, 900 (8th Cir. 2009). "[I]nherent authority is a broad and powerful tool. As such, it should be used sparingly." Id. (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.")).

The Supreme Court and Eighth Circuit have held "that the better practice is to apply Rule 37 where appropriate and not allow an exercise of inherent power to 'obscure' the Rule 37 analysis." Id. at 899 (citing Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207 (1958)). "Because dismissal is an extreme result, [the Eighth Circuit has] allowed dismissal to 'be considered as a sanction only if there is:

(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.'" Schubert v. Pfizer, Inc., 459 F. App'x 568, 572 (8th Cir. 2012) (citing Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000)); Fed. R. Civ. P. 37(b)(2)(A).

Both parties acknowledge that a discovery order compelling compliance does not exist in this case. Plaintiffs claim that Defendants effectively prevented the Court from entering such order on March 27, 2014, by way of material misrepresentations to the Court. At the March 27, 2014, hearing, Judge Beth Phillips explained, "If they say they don't have documents, then I'm going to accept them at face value, and I can't force them to produce any documents that they say they don't have." (Doc. #330-4, p. 24). Plaintiffs' counsel, Mr. James, responded, "But Your Honor, they aren't saying they don't have it. They're saying 'we're looking," and they know we're under a time crunch." Id. Because there is no order compelling discovery in this case, there cannot be a willful violation. Therefore, the Court must determine if Plaintiffs have been prejudiced by Defendants' actions.

After Defendants produced the newly discovered documents, Defendants voluntarily offered to reproduce their 30(b)(6) witnesses for depositions. The record demonstrates Plaintiffs were afforded an opportunity to redepose Mr. Steinert regarding the newly discovered documents and, in fact, deposed Mr. Steinert for the second time on July 1, 2015. Additionally, pursuant to the Amended Scheduling and Trial Order, the parties have not reached the December 15, 2015, discovery deadline. The Court acknowledges the disclosure of the documents more than a year after the initial request is frustrating and raises questions about the diligence of the initial search.

The better practice for the Court "is to apply Rule 37 where appropriate" and use its inherent powers with restraint and discretion. Sentis Grp., 559 F.3d at 899. A dismissal under Fed. R. Civ. P. 37 requires the willful violation of an order compelling discovery. No order exists in this case. The Court cannot conclude that Plaintiffs have been so unjustly prejudiced that the imposition of sanctions is necessary to protect the integrity of our justice system and necessitate the use of its inherent powers. Again, the Court does not find that sanctions are warranted.

### III.    Conclusion

Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Sanctions Against Defendants Excel Industries, Inc. and Hustler Turf Equipment (Doc. #330) is DENIED.

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2015